IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) CIVIL ACTION NUMBER <br> v. ) <br> ) <br> OFFICE CONCEPTS, INC., ) COMPLAINT <br> ) <br> Defendant. ) JURY TRIAL DEMAND <br> _____ ) | |

## Nature of the Action

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Lynsey Burd, who was adversely affected by such practices. The Commission alleges that Defendant terminated Burd's employment because of her pregnancy, in violation of Title VII. The Commission also alleges that Defendant violated Title VII by willfully failing to post and keep posted notices that have been prepared or approved by the Commission and that set forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

## Jurisdiction and Venue

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.

2000e-5(f)(1) and (3) and section 102 of the Civil Rights Act of 1991, 42 U.S.C. 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Indiana, Fort Wayne Division.

## Parties

3. Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Office Concepts, Inc., has continuously been an Indiana corporation doing business in the State of Indiana and the City of Fort Wayne, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. 2000e(b), (g), and (h).

## Statement of Claims

6. More than thirty days prior to the institution of this lawsuit, Lynsey Burd filed Charge of Discrimination Number 24D-2012-00343 with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least April 2012, Defendant has engaged in unlawful employment practices at its Fort Wayne, Indiana facility, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. 2000e-2(a)(1). Burd, an office worker, informed Defendant of her pregnancy in April 2012. Defendant made negative comments about Burd's pregnancy. Further, Defendant—despite stating that Burd and her colleague were doing fine between the two of them—hired a third office worker. Burd trained the new employee at Defendant's request. After Burd finished training the new employee, Defendant terminated Burd because of Burd's pregnancy. Finally, after terminating Burd, Defendant replaced her, hiring a second new office employee.

8.  The effect of the practice complained of in paragraph 7 has been to deprive Lynsey Burd of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

9.  Since at least the summer of 2012, Defendant has willfully failed, in violation of Section 711(a) and (b) of Title VII, 42 U.S.C. 2000e-10(a) and (b), to post and keep posted notices which have been prepared or approved by the Commission setting forth excerpts from or summaries of the pertinent provisions of Title VII and information pertinent to the filing of a charge or complaint.

10. The unlawful employment practices complained of in paragraph 7 were intentional.

11. The unlawful employment practices complained of in paragraph 7 were done with malice or with reckless indifference to the federally protected rights of Lynsey Burd.

## Prayer for Relief

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from terminating employees because of their sex and pregnancy, and any other employment practice which discriminates on the basis of sex.

B. Order Defendant to institute and carry out polices, practices, and programs that provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Lynsey Burd by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D. Order Defendant to post and keep posted notices in accordance with the provisions of Section 711(a) of Title VII, 42 U.S.C. 2000e-10(a), and assess appropriate civil fines against Defendant pursuant to Section 711(b) of Title VII, 42 U.S.C. 2000e-10(b).

E. Order Defendant to make whole Lynsey Burd by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, including but not limited to out-of-pocket expenses, job-search expenses, costs of insurance premiums, and medical expenses, plus prejudgment interest, in amounts to be determined at trial.

F.  Order Defendant to make whole Lynsey Burd by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, including but not limited to emotional pain and suffering, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

G.  Order Defendant to pay Lynsey Burd punitive damages for its malicious and reckless conduct described in paragraph 7, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## Jury Trial Demand

The Commission requests a jury trial on all questions of fact raised by its complaint.

/s/ Laurie A. Young
Laurie A. Young
Regional Attorney

/s/ Michelle Eisele
Michelle Eisele
Supervisory Trial Attorney

/s/ Jonathan Bryant
Jonathan Bryant
Trial Attorney
Equal Employment Opportunity Commission
Indianapolis District Office
101 West Ohio Street, Suite 1900
Indianapolis, Indiana 46204
Jonathan.bryant@eeoc.gov
(317) 226-5588
Fax: (317) 226-5571