# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:14-CV-290 ) |
| OFFICE CONCEPTS, INC., | ) ) |
| Defendant. | ) ) |

## OPINION AND ORDER

Before the Court are two motions seeking the Court's approval of two different proposed Stipulated Protective Orders. (DE # 16, 17.) For the following reasons, both will be denied without prejudice.

    A. <u>The first motion for entry of a proposed Stipulated Protective Order (DE # 16)</u>

The first motion stems from a dispute by the parties concerning the confidentiality provision of a settlement agreement between Defendant Office Concepts, Inc., and Terry Forsyth, a nonparty former employee of Defendant who was identified in both parties' initial disclosures as a person likely to have discoverable information about the claims and defenses raised in this action. (DE # 16.) The parties state that Forsyth believes the settlement agreement prohibits her from discussing certain information with Plaintiff Equal Employment Opportunity Commission (EEOC) and may subject her to economic and non-economic penalties for violating the agreement. To that end, the parties submit a cursory proposed Stipulated Protective Order stating that Defendant agrees that it will not exercise its rights under the settlement agreement because of Forsyth's communication with the EEOC, and that violation of the Order may be

remedied by the Court's contempt authority.

But at this juncture, the entry of a "stipulated protective order" between the parties–which actually pertains to a nonparty–is not justified. *See Kraft Foods Global, Inc. v. Dairilean, Inc.*, No. 10 C 8006, 2011 WL 1557881, at *6 (N.D. Ill. Apr. 25, 2011). "Issues relating to third party compulsory disclosure are likely to be fact-specific and will be determined as they arise" in accordance with Federal Rule of Civil Procure 45. *Id.*

Moreover, here it seems that Defendant could instead provide Forsyth with a limited waiver of the confidentiality provision without need for Court involvement. *See C.A. v. Amli at Riverbend LP*, No. 1:06-cv-1736, 2008 WL 1995451, at *2 (S.D. Ind. May 7, 2008) ("The parties are reminded that discovery is supposed to be a cooperative endeavor, requiring minimal judicial intervention."). Therefore, the first motion for entry of a proposed Stipulated Protective Order (DE # 16) will be DENIED.

B.  The second motion for entry of a proposed Stipulated Protective Order (DE # 17)

The second motion requests the Court's approval under Federal Rule of Civil Procedure 26(c) of a proposed Stipulated Protective Order that seeks to protect the parties' trade secrets and corporate financial information. (DE # 17.) This proposed Order, however, contains one provision that the Court is reluctant to approve.

Paragraph 16 of the proposed Order provides that the order "shall continue to be binding for a period of twenty (20) years after the conclusion of this proceeding" and that a party may continue to seek an order of the Court to dissolve or modify the protective order. To the extent that this suggests the Court will retain jurisdiction over the matter, the Court is unwilling to enter a protective order that expressly suggests the Court retain jurisdiction of any kind after the

2

resolution of the case. *See E.E.O.C. v. Clarice's Home Care Serv., Inc.*, No. 3:07-cv-601 GPM, 2008 WL 345588, at *2 (S.D. Ill. Feb. 7, 2008) (encouraging the parties to make a contractual agreement among themselves for the return of sensitive documents without court oversight); *see also Large v. Mobile Tool Int'l, Inc.*, No. 1:02-CV-177, 2010 WL 3120254, at *1 (N.D. Ind. Aug. 6, 2010). The parties may, however, submit a proposed protective order with a revised version of paragraph 16 for the Court's review.

Therefore, the Court DENIES without prejudice the two motions for entry of a proposed Stipulated Protective Order. (DE # 16, 17.)

SO ORDERED.

Enter for this 23rd day of April 2015.

S/ Susan Collins  
Susan Collins,  
United States Magistrate Judge